Guy P. Roll, SBN# 015987
2151 East Broadway Road
Suite 216
Tempe, AZ 85282
480-314-5505
Fax: 480-314-5510
office@roll-law.com

UNITED STATES BANKRUPTCY COURT
DISTRICT OF ARIZONA

In re
**Robert B Johnson**

SSN xxx-xx-6905
5432 E. Juniper Avenue
Scottsdale, AZ 85254

Debtor(s).

Case No. **2:10-bk-41554**

**CHAPTER 13 PLAN AND APPLICATION FOR PAYMENT OF ADMINISTRATIVE EXPENSES**

☐ Original
☒ Fourth Amended
☐ Modified

☐ Plan payments include post-petition mortgage payments

This Plan may affect creditor rights. **If you object to the treatment of your claim as proposed in this Plan, you must file a written objection by the deadline set forth in a Notice of Date to File Objections to Plan served on parties in interest.** If this is a joint case, then "Debtor" means both Debtors. This plan does not allow claims or affect the timeliness of any claim. To receive payment on your claim, you must file a proof of claim with the Bankruptcy Court, even if this Plan provides for your debt. The applicable deadlines to file a proof of claim were specified in the Notice of Commencement of Case. Except as provided in § 1323(c), a creditor who disagrees with the proposed treatment of its debt in this Plan must timely file an objection to the Plan.

If this is an Amended or Modified Plan, the reasons for filing this Amended or Modified Plan are:

1. USAA interest rate changed to amount stated in proof of claim #7.
2. USAA claim amount and interest rate changed to amount stated in proof of claim #8.
3. Keesler interest rate changed to amount stated in proof of claim #9.

(A) **Plan Payments and Property to be Submitted to the Plan.**

 (1) Plan payments start on **01/31/2010**. The Debtor shall pay the Trustee as follows:

  $ **2,086.00** each month for month **1** through month **1**.
  $ **2,158.00** each month for month **2** through month **60**.

  The proposed plan duration is **60** months. The applicable commitment period is **60** months. Section 1325(b)(4).

 (2) In addition to the plan payments, Debtor will submit the following property to the Trustee: **-NONE-**

(B) **Trustee's Percentage Fee.** Pursuant to 28 U.S.C. § 586(e), the Trustee may collect the percentage fee from all payments and property received, not to exceed 10%.

1

(C) **Treatment of Administrative Expenses, Post-Petition Mortgage Payments and Claims**. Except adequate protection payments under (C)(1), post-petition mortgage payments under (C)(4), or as otherwise ordered by the Court, the Trustee will make disbursements to creditors after the Court confirms this Plan. Unless otherwise provided in Section (J), disbursements by the Trustee shall be pro rata by class (except adequate protection payments) and made in the following order:

  (1) *Adequate protection payments*. Section 1326(a)(1)(C) requires adequate protection payments to be made to creditors secured by personal property. Pursuant to Local Bankruptcy Rule 2084-6, the Trustee is authorized to make preconfirmation adequate protection payments to the certain secured creditors without a Court order, provided the claim is properly listed on Schedule D, the creditor files a secured proof of claim that includes documentation evidencing a perfected security agreement, and the debtor or creditor sends a letter to the Trustee requesting payment of preconfirmation adequate protection payments. The Trustee will apply adequate protection payments to the creditor's secured claim. After confirmation, unless the Court orders otherwise, adequate protection payments will continue in the same amount until claims to be paid before these claimants are paid in full, unless the confirmed plan or a court order specifies a different amount. **If a secured creditor disagrees with the amount of the proposed adequate protection payments or the plan fails to provide for such payments, the creditor may file an objection to confirmation of this plan, file a motion pursuant to §§ 362, 363, or do both.**

| Creditor | Property Description | Monthly Amount |
|---|---|---|
| **Keesler Federal Credit Union** | 2004 Toyota Tundra, mileage 70,000<br>Location: 5432 E. Juniper Avenue,<br>Scottsdale AZ 85254 | 104.00 |
| **USAA** | 2000 Tige Boat 21VI Riders<br>Location: 5432 E. Juniper Avenue,<br>Scottsdale AZ 85254 | 179.00 |
| **USAA** | 1996 Celebrity Boat 180 FS | 40.00 |

☐ See Section (J), Varying Provisions.

  (2) *Administrative expenses*. Section 507(a)(2).

    (a) Attorney fees. Debtor's attorney received $ **1,500.00** before filing. The balance of $ **2,000.00** or an amount approved by the Court upon application shall be paid by the Trustee. See Section (F) for any fee application.

    (b) Other Administrative Expenses. [Describe]

☐ See Section (J), Varying Provisions.

  (3) *Leases and Unexpired Executory Contracts*. Pursuant to § 1322(b), the Debtor assumes or rejects the following lease or unexpired executory contract. For a lease or executory contract with an arrearage to cure, the arrearage will be cured in the plan payments with regular monthly payments to be paid direct by the Debtor. The arrearage amount to be adjusted to the amount in the creditor's allowed proof of claim.

    (a) Assumed:

| Creditor & Property Description | Estimated Arrearage Amount | Arrearage Through Date |
|---|---|---|
| -NONE- | | |

    (b) Rejected:

| Creditor | Property Description |
|---|---|
| -NONE- | |

☐ See Section (J), Varying Provisions.

(4) *Claims Secured <u>Solely</u> by Security Interest in Real Property*. A creditor identified in this paragraph may mail the Debtor all correspondence, notices, statements, payment coupons, escrow notices, and default notices concerning any change to the monthly payment or interest rate without such being a violation of the automatic stay. Unless stated below, Debtor is to pay post-petition payments direct to the creditor and prepetition arrearages shall be cured through the Trustee. No interest will be paid on the prepetition arrearage or debt unless otherwise stated. The arrearage amount is to be adjusted to the amount in the creditor's allowed proof of claim. Except as provided in Local Bankruptcy Rule 2084-23, if a creditor gets unconditional stay relief the actual cure amount to be paid shall be adjusted by the Trustee pursuant to the creditor's *allowed* proof of claim. If the Debtor is surrendering an interest in real property, such provision is in paragraph (E). The Debtor is retaining real property and provides for each such debt as follows:

| Creditor/Servicing Agent & Property Description | Collateral Value & Valuation Method | Post-Petition Mortgage Payments | Estimated Arrearage | Arrearage Through Date |
|---|---|---|---|---|
| **USAA** <br> **Single Family Home** <br> **Location: 5432 E. Juniper Avenue, Scottsdale AZ 85254** | 267,734.00 | 0.00 <br> ☒ Debtor will pay direct to creditor; or <br> ☐ Included in Plan payment. Trustee will pay creditor. | 17,367.12 | 0% |

☒ See Section (J), Varying Provisions.

(5) *Claims Secured by Personal Property or a Combination of Real and Personal Property*. Pursuant to § 1325(a), secured creditors listed below shall be paid the amount shown as the Amount to be Paid On Secured Claim, with such amount included in the Plan payments. However, if the creditor's proof of claim amount is less than the Amount to be Paid on Secured Claim, then only the proof of claim amount will be paid. Any adequate protection payments are as provided in Section (C)(1) above. If a creditor fails to file a secured claim or files a wholly unsecured claim, the debtor may delete the proposed payment of a secured claim in the order confirming plan.

| Creditor & Property Description | Debt Amount | Value of Collateral and Valuation Method | Amount to be Paid On Secured Claim | Interest Rate |
|---|---|---|---|---|
| **Keesler Federal Credit Union** <br> **2004 Toyota Tundra, mileage 70,000** <br> **Location: 5432 E. Juniper Avenue, Scottsdale AZ 85254** | 9,435.72 | 9,045.00 | 9,435.72 | 5.00 |
| **USAA** <br> **2000 Tige Boat 21VI Riders** <br> **Location: 5432 E. Juniper Avenue, Scottsdale AZ 85254** | 17,669.07 | 17,000.00 | 17,669.07 | 6.489 |
| **USAA** <br> **1996 Celebrity Boat 180 FS** | 3892.45 | 8,500.00 | 3892.45 | 5.00 |

☐ See Section (J), Varying Provisions.

(6) *Priority, Unsecured Claims*. All allowed claims entitled to priority treatment under § 507 shall be paid in full pro rata.

(a) Unsecured Domestic Support Obligations. The Debtor shall remain current on such obligations that come due after filing the petition. Unpaid obligations before the petition date to be cured in the plan payments.

| Creditor | Estimated Arrearage Amount | Arrearage Through Date |
|---|---|---|
| -NONE- | | |

(b) Other unsecured priority claims.

| Creditor | Type of Priority Debt | Estimated Amount |
|---|---|---|
| -NONE- | | |

☐ See Section (J), Varying Provisions.

(7) *Codebtor Claims*. The following codebtor claim is to be paid per the allowed claim, pro rata before other unsecured, nonpriority claims.

| Creditor | Codebtor Name | Estimated Debt Amount |
|---|---|---|
| -NONE- | | |

☐ See Section (J), Varying Provisions.

3

(8) *Unsecured Nonpriority Claims*. Allowed unsecured, nonpriority claims shall be paid pro rata the balance of payments under the Plan.

☒ See Section (J), Varying Provisions.

(D) **Lien Retention**. Secured creditors shall retain their liens until payment of the underlying debt determined under nonbankruptcy law or upon discharge, whichever occurs first. Federal tax liens shall continue to attach to property excluded from the bankruptcy estate under 11 U.S.C. § 541(c)(2) until the Internal Revenue Service is required to release the liens in accordance with non bankruptcy law.

☐ See Section (J), Varying Provisions.

(E) **Surrendered Property**. Debtor surrenders the following property to the secured creditor. Upon confirmation of this Plan or except as otherwise ordered by the Court, bankruptcy stays are lifted as to the collateral to be surrendered. Any secured claim filed by such creditor shall receive **no** distribution until the creditor files an allowed unsecured claim or an amended proof of claim that reflects any deficiency balance remaining on the claim. *Should the creditor fail to file an amended unsecured claim consistent with this provision, the Trustee need not make any distributions to that creditor.*

| Creditor | Property Being Surrendered |
|---|---|
| **-NONE-** | |

(F) **Attorney Application for Payment of Attorney Fees**. Counsel for the Debtor has received a prepetition retainer of $ **1,500.00** , to be applied against fees and costs incurred. Fees and costs exceeding the retainer shall be paid from funds held by the Chapter 13 Trustee as an administrative expense. Counsel will be paid as selected in paragraph (1) or (2) below:

(1) **Flat Fee**. Counsel for the Debtor has agreed to a total sum of $ **3,500.00** to represent the Debtor. Counsel has agreed to perform the following services through confirmation of the plan:

☐ All of the below, except Additional Services.
☒ Review of financial documents and information.
☒ Consultation, planning, and advice, including office visits and telephone communications.
☒ Preparation of Petition, Schedules, Statement of Financial Affairs, Master Mailing List.
☒ Preparation and filing of Chapter 13 Plan, Plan Analysis, and any necessary amendments.
☒ Attendance at the § 341 meeting of creditors.
☒ Resolution of creditor objections and Trustee recommendations, and attendance at hearings.
☒ Reviewing and analyzing creditor claims for potential objections, and attendance at hearings.
☒ Responding to motions to dismiss, and attendance at hearings.
☒ Responding to motions for relief from the automatic stay, and attendance at hearings.
☒ Drafting and mailing of any necessary correspondence.
☒ Preparation of proposed order confirming the plan.
☐ Representation in any adversary proceedings.
☒ Representation regarding the prefiling credit briefing and post-filing education course.

**Additional Services**. Counsel for the Debtor has agreed to charge a flat fee for the following additional services provided to the Debtor after confirmation of the plan:

☐ Preparation and filing of Modified Plan $__.
☐ Preparation and filing of motion for moratorium $__.
☐ Responding to motion to dismiss, and attendance at hearings $__.
☐ Defending motion for relief from the automatic stay or adversary proceeding $__.
☐ Preparation and filing of any motion to sell property $__.
☐ Other __.

All other additional services will be billed at the rate of $ **$125 or $200** per hour for attorney time and $ **$75** per hour for paralegal time. Counsel will file and notice a separate fee application detailing the additional fees and costs requested. Counsel will include *all* time expended in the case in the separate fee application.

☐ See Section (J), Varying Provisions.

(2) **Hourly Fees**. For hourly fees to be paid as an administrative expense, counsel must file and notice a separate fee application detailing the additional fees and costs requested. The application must include all time expended in the case.

Counsel has agreed to represent the Debtor for all services related to the Chapter 13 bankruptcy to be billed at the rate of $__ per hour for attorney time and $__ per hour for paralegal time.

☐ See Section (J), Varying Provisions.

(G) **Vesting**. Property of the estate shall vest in the Debtor upon confirmation of the Plan. The following property shall not revest in the Debtor upon confirmation: *[Describe or state none]*

**-NONE-**

☐ See Section (J), Varying Provisions.

(H) **Tax Returns**. While the case is pending, the Debtor shall provide to the Trustee a copy of any post-petition tax return within thirty days after filing the return with the tax agency. The Debtor has filed all tax returns for all taxable periods during the four-year period ending on the petition date, except: *[not applicable or describe unfiled returns]*.

**-NONE-**

(I) **Funding Shortfall**. Debtor will cure any funding shortfall before the Plan is deemed completed.

5

Software Copyright (c) 1996-2011 CCH INCORPORATED - www.bestcase.com          Best Case Bankruptcy

Case 2:10-bk-41554-SSC    Doc 49    Filed 05/10/12    Entered 05/10/12 16:24:19    Desc
Main Document    Page 5 of 12

(J) **Varying Provisions**. The Debtor submits the following provisions that vary from the Local Plan Form, Sections (A) through (H):

(1) **1. Debtor are the makers of a revolving line of credit dated October 22, 2007, under which the Debtor received a loan from USAA Federal Savings Bank in the principal amount of $70,000.00 (the "Note"), which is secured by a second position Deed of Trust ("Second Deed of Trust") in favor of USAA Federal Savings Bank dated October 22, 2007 and recorded on November 5, 2007 with Maricopa County Recorder's Office at Instrument No. 2007-1190954, encumbering the real property located at 5432 E. Juniper Ave, Scottsdale, AZ 85254 and more fully described as:
LOT 78, OF GREENWAY PARK 6 UNIT 2, ACCORDING TO THE PLAT OF RECORD IN THE OFFICE OF THE COUNTY RECORDER OF MARICOPA COUNTY Parcel ID: 215-85-100
The described property is referred to herein as the "Real Property."**

**2. USAA Federal Savings Bank's claim secured by the Second Deed of Trust is contingent upon confirmation of the Debtor's Chapter 13 Plan; SUBJECT TO THE FOLLOWING CONDITIONS:
a. The avoidance of USAA Federal Savings Bank's Second Deed of Trust is contingent upon the confirmation of the Debtor's Chapter 13 Plan;
b. The avoidance of USAA Federal Savings Bank's Second Deed of Trust is contingent upon the Debtor's full performance and completion of his Chapter 13 Plan;
c. The avoidance of USAA Federal Savings Bank's Second Deed of Trust is contingent upon the Debtor's receipt of a Chapter 13 discharge.**

**3. Upon receipt of the Debtor's Chapter 13 discharge and completion of his Chapter 13 Plan, USAA Federal Savings Bank shall, after receipt of Notice of said discharge, promptly record a reconveyance of its Second Deed of Trust against the Subject Property with the Maricopa County Recorder's Office;**

**4. In the event of either the dismissal of the Debtor's Chapter 13 case or the conversion of the Debtor's Chapter 13 case to any other Chapter under the United States Bankruptcy Code, USAA Federal Savings Bank shall retain its lien for the full amount due, USAA Federal Savings Bank's lien shall not be avoided, and USAA Federal Savings Bank's claim shall be treated as a secured claim.**

**5. The terms of this Order shall be incorporated by reference in an Order confirming the Debtors' Chapter 13 plan in the bankruptcy Case No. 2:10-bk-41554-SSC.**

**6. As a result of the avoidance of the lien of this creditor, this creditor shall not be paid through the plan as a secured creditor, or direct by the Debtor, rather any filed claim of this creditor for this debt shall be classified as a general unsecured claim and paid in accordance with Section (C)(8).**

(K) **Plan Summary**. If there is a discrepancy between paragraphs (A) - (J) and paragraphs (K) - (M), then the provisions of paragraphs (A) - (J) and the confirmed plan control.

| | | | |
|---|---|---|---:|
| (1) | Trustee's compensation (10% of plan payments) | $ | 12,940.80 |
| (2) | Ongoing post-petition mortgage payments | $ | 0.00 |
| (3) | Administrative expenses and claims | $ | 2,000.00 |
| (4) | Priority claims | $ | 0.00 |
| (5) | Prepetition mortgage or lease arrears, or amount to cure defaults, including interest | $ | 18,761.05 |
| (6) | Secured personal property claims, including interest | $ | 33,448.94 |
| (7) | Amount to unsecured nonpriority claims | $ | 62,257.21 |
| (8) | **Total of plan payments** | $ | 129,408.00 |

(L) **Section 1325 Analysis.**

(1) *Best Interest of Creditors Test:*

| | | | |
|---|---|---|---:|
| (a) | Value of Debtor's interest in nonexempt property | $ | 12,595.57 |
| (b) | Plus: Value of property recoverable under avoiding powers | $ | 0.00 |
| (c) | Less: Estimated Chapter 7 administrative expenses | $ | 0.00 |
| (d) | Less: Amount to unsecured, priority creditors | $ | 0.00 |
| (e) | **Equals:** Estimated amount payable to unsecured, nonpriority claims if Debtor filed Chapter 7 | $ | 12,595.57 |

Paragraph (2) to be completed by debtors whose current monthly income exceeds the state's median income.

6

Software Copyright (c) 1996-2011 CCH INCORPORATED - www.bestcase.com  Best Case Bankruptcy

(2) *Section 1325(b) Analysis:*

 (a) Monthly disposable income under § 1325(b)(2), Form B22C, Statement of Current Monthly Income $ <u>4,412.63</u>
 (b) Applicable commitment period $ <u>60</u>
 (c) Section 1325(b)(2) monthly disposable income amount multiplied by 60 $ <u>264,757.80</u>

(M) **Estimated Amount to Unsecured Nonpriority Creditors Under Plan** $ <u>62,257.21</u>

Dated: **May 9, 2012**

/s/ **Robert B Johnson**
**Robert B Johnson**
Debtor

/s/ **Guy P. Roll**
**Guy P. Roll, SBN# 015987**
Attorney for Debtor
**The Roll Law Office, PLLC**
**2151 East Broadway Road**
**Suite 216**
**Tempe, AZ 85282**
**480-314-5505 Fax: 480-314-5510**
**office@roll-law.com**

*rev. 12/09*

7

Software Copyright (c) 1996-2011 CCH INCORPORATED - www.bestcase.com Best Case Bankruptcy

Case 2:10-bk-41554-SSC Doc 49 Filed 05/10/12 Entered 05/10/12 16:24:19 Desc
Main Document Page 7 of 12

Guy P. Roll, SBN #015987
THE ROLL LAW OFFICE, PLLC
2151 E. Broadway Rd., Suite 216
Tempe, Arizona 85282
(480) 314-5505 Office
(480) 314-5510 Fax
office@roll-law.com

Attorney for Debtor

IN THE UNITED STATES BANKRUPTCY COURT

IN AND FOR THE DISTRICT OF ARIZONA

In re:

ROBERT JOHNSON,

Debtor.

NO. 2:10-bk-41554-SSC

Chapter 13

**STIPULATED ORDER CONFIRMING CHAPTER 13 PLAN**

The Chapter 13 Plan having been properly noticed out to creditors and any objection to confirmation having been resolved,

**IT IS ORDERED** confirming the Plan of the Debtor as follows:

(A) **INCOME SUBMITTED TO THE PLAN.** Debtors shall submit the following amounts of future income to the Trustee for distribution under the Plan.

(1) Future Earnings or Income. Debtors shall make the following monthly Plan payments:

| Months | Amount |
| --- | --- |
| 1 - 1 | $2,086.00 |
| 2-60 | $2,158.00 |

The payments are due on or before the 1st day of each month commencing December 1, 2010. Debtors are advised that when payments are remitted late, additional interest may accrue on secured debts, which may result in a funding

shortfall at the end of the Plan term. Any funding shortfall must be cured before the plan is deemed completed.

The Debtors shall provide, directly to the Trustee copies of their **federal** and **state** income tax returns, including all attachments, forms, schedules and statements, for years 2011-2013 within 15 days of filing them. The purpose is to assist the Trustee in determining any change in debtor's annual disposable income.

    (2) Other Property. *In the event that other property is submitted, it shall be treated as supplemental payments.* In no event will the term of the Plan be reduced to less than 60 months, exclusive of any property recovered by the Trustee, unless all allowed claims are paid in full.

(B) **DURATION.** This Plan shall continue for **60 months** from the first regular monthly payment described in Paragraph (A)(1) above. If at any time before the end of the Plan period all claims are paid, then the Plan shall terminate.

(C) **CLASSIFICATION AND TREATMENT OF CLAIMS.** Claims shall be classified and paid as listed below. The Plan and this Order shall not constitute an informal proof of claim for any creditor. The Trustee shall receive the percentage fee on the Plan payments pursuant to 28 U.S.C. § 586(e), then the Trustee will pay creditors in the following order:

    (1) <u>Administrative expenses</u>:

    <u>Attorney Fees</u>. Guy P. Roll shall be allowed total compensation of $3,500.00. Counsel received $1,500.00 prior to filing this case and will be paid $2,000.00 by the Chapter 13 Trustee.

    (2) <u>Claims Secured by Real Property</u>:

    USAA Mortgage, secured by a first deed of trust in the Debtors' residence, shall be paid directly by the Debtors to the secured creditor. The arrearage in the amount of $17,367.12 shall be paid through the plan at a 0.0% interest rate.

    (3) <u>Claims Secured by Personal Property</u>:

    (a) Keesler Federal Credit Union, secured by a lien in a 2004 Toyota Tundra, shall be paid $9,435.72 with 5.0% interest. The creditor will receive adequate protection payments of $104.00 per month. The balance of the claim shall be classified as an unsecured nonpriority claim.

(b) USAA, secured by a lien in a 2000 Tige Boat 21V1 Riders, shall be paid $17,669.07 with 6.489% interest. The creditor will receive adequate protection payments of $179.00 per month. The balance of the claim shall be classified as an unsecured nonpriority claim.

(c) USAA, secured by a lien in a 1996 Celebrity Boat 180 FS, shall be paid $3,892.45 with 5.0% interest. The creditor will receive adequate protection payments of $40.00 per month. The balance of the claim shall be classified as an unsecured nonpriority claim.

(4) <u>Unsecured Priority Claims</u>:

N/A

(5) <u>Surrendered Property</u>:

Upon confirmation of this plan or except as otherwise ordered by the Court, bankruptcy stays are lifted as to collateral to be surrendered. Such creditor shall receive no distribution until the creditor timely files a claim or an amended proof of claim that reflects any deficiency balance remaining on the claim. Assuming the creditor has an allowed proof of claim, should the creditor fail to file an amended claim consistent with this provision, the Trustee need not make any distributions to that creditor. Debtors surrender the following property:

N/A

(6) <u>Other Provisions</u>:

As a result of the avoidance of the lien of this creditor, this creditor shall not be paid through the plan as a secured creditor, or direct by the Debtor, rather any filed claim of this creditor for this debt shall be classified as a general unsecured claim and paid in accordance with Section (C)(8) of the Fourth Amended Plan.

(7) <u>Unsecured Nonpriority Claims</u>:

Unsecured claims must be paid at least $62,257.21 before the plan is deemed completed.

All other claims shall be classified as unsecured and nonpriority. Such claims shall be paid pro rata the balance of the payments under the Plan

and any unsecured debt balance remaining unpaid at the end of the Plan may be discharged as provided in 11 U.S.C. § 1328.

**(D) EFFECTIVE DATE AND VESTING.** The effective date of the Plan shall be the date of this Order. Property of the estate vests in Debtors upon confirmation.

The plan and this Order shall not constitute an informal proof of claim for any creditor.

ORDER SIGNED ABOVE

Approved as to Form and Content By:

_____
Russell Brown, Trustee


_____
Guy P. Roll
Attorney for Debtor

The Debtors certify: All required State and Federal income tax returns have been filed. No domestic support obligation is owed or, if owed, such payments are current since the filing of the Petition.

/s/ Robert Johnson
Debtor

LOCAL SAMPLE FORM 13-2. PLAN ANALYSIS

Debtor(s): **Robert B Johnson**  Case No.: **2:10-bk-41554**
Prior:     Chapter 7 ( )    Chapter 13 ( )    Date: **May 10, 2012**

## TOTAL DEBT AND ADMINISTRATE EXPENSES
## PROVIDED FOR BY THE PLAN

| | | | |
|---|---|---|---:|
| A. | DEBTOR'S UNPAID ATTORNEY FEES | $ | 2,000.00 |
| B. | PRIORITY CLAIMS | $ | 0.00 |
| | 1. Taxes | $ | 0.00 |
| | 2. Other | $ | 0.00 |
| C. | PAYMENTS TO CURE DEFAULTS | $ | 18,761.05 |
| D. | PAYMENTS ON SECURED CLAIMS | $ | 33,448.94 |
| E. | PAYMENTS ON OTHER CLASS | $ | 0.00 |
| F. | PAYMENTS ON GENERAL UNSECURED CLAIMS | $ | 62,257.21 |
| G. | SUB-TOTAL | $ | 116,467.20 |
| H. | TRUSTEE'S COMPENSATION ( 10 % of debtor's payments) | $ | 12,940.80 |
| I. | TOTAL AMOUNT OF PLAN PAYMENTS | $ | 129,408.00 |

## RECONCILIATION WITH CHAPTER 7

| | | | |
|---|---|---|---:|
| J. | INTEREST OF GENERAL UNSECURED CREDITORS IF CHAPTER 7 FILED | | |
| | 1. Value of debtor's interest in nonexempt property | $ | 12,595.57 |
| | 2. Value of property recoverable under avoiding powers | $ | 0.00 |
| | 3. Less: Estimated Chapter 7 administrative expenses | $ | 0.00 |
| | 4. Less: Priority claims | $ | 0.00 |
| K. | EQUALS ESTIMATED DIVIDEND FOR GENERAL UNSECURED CREDITORS UNDER CHAPTER 7 | $ | 12,595.57 |
| L. | ESTIMATED DIVIDEND UNDER PLAN | $ | 62,257.21 |

IF THERE ARE DISCREPANCIES BETWEEN THE PLAN AND THIS PLAN ANALYSIS, THE PROVISIONS OF THE PLAN, AS CONFIRMED, CONTROL.